United States District Court
Southern District of Texas
**ENTERED**
December 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATALINA DIONICIO ARELLANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-5454 |
| | § | |
| PAMELA BONDI, ATTORNEY GENERAL OF THE UNITED STATES, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Catalina Dionicio Arellano, is a detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Montgomery Processing Center in Conroe, Texas. Dionicio Arellano is detained pending removal proceedings under 8 U.S.C. § 1225(b)(2). Through counsel, she filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention pending removal proceedings. (Docket Entry No. 1). For the reasons set forth below, the court grants Dionicio Arellano's petition in part and orders the respondents to conduct a bond hearing within fourteen days from the date of this order or release her.

**I.      Background**

Dionicio Arellano is a citizen of Mexico who entered the United States without inspection. (Docket Entry No. 1 at 2). On November 11, 2025, she was arrested during a traffic stop for driving without a license. (Docket Entry No. 1 at 2). She was taken into ICE custody and is now detained at the Montgomery Processing Center. (*Id.*).

On November 14, 2025, Dionicio Arellano filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket Entry No. 1). The respondents argue that the petition should be dismissed. (Docket Entry No. 12).

## II.     Analysis

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

This case is one of many nearly identical immigration-related habeas petitions filed in the federal courts over the last few months. *See Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (describing the surge in similar litigation). As this court has previously explained, two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. *Id.* While § 1226 allows an IJ to provide a petitioner with procedural protections, such as a bond re-determination hearing, § 1225 does not. *Id.* In July 2025, the Department of Homeland Security deviated from its "longstanding interpretation" that § 1226 applied to noncitizens who were already present in the country and began applying § 1225 to these individuals. *Id.* (quoting *Savane v. Francis*, No. 1:25-cv-6666, 2025 WL 2774452, at *1 (S.D.N.Y. Sep. 28, 2025)). The result is that noncitizens who would have previously received a bond hearing are now mandatorily detained until their removal proceedings are complete, whenever that may be. In September 2025, the BIA affirmed this new

interpretation of the relevant statutes in *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[1]

This new interpretation has been rejected by the great majority of courts considering the issue, including this court. *See id.* at *3 (collecting cases); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. Although the respondents acknowledge this court's prior ruling in *Buenrostro-Mendez*, they nonetheless assert that the statutory language requires that Dionicio Arellano be detained under § 1225.[2] (Docket Entry No. 12 at 8–10, 8 n.3). The respondents urge this court to reconsider its prior rulings and adopt the reasoning of *Cabanas v. Bondi*, which held for the respondents. No. 4:25-cv-04830, 2025 WL 3171331, at *7 (S.D. Tex. Nov. 13, 2025). The court respectfully disagrees with *Cabanas*. "[A]s a matter of plain-text reading, it is § 1226(a) that applies to people situated like the Petitioner, not § 1225(b)(2)(A)." *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252, at *1 & n.1 (D.N.J. Oct. 21, 2025).

The court also notes that a district court in the Central District of California certified a class of petitioners similarly situated to Dionicio Arellano and granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Dionicio Arellano's position. *See, e.g.*, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). Because there is a certified class but no class judgment, the district court's rulings do not yet have preclusive effect in this litigation.

---

[1] The BIA's decision is not binding on this court under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and district courts have uniformly refused to apply *Matter of Yajure Hurtado*. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.3 (collecting cases).

[2] On October 24, 2025, the respondents filed a notice of appeal in *Buenrostro-Mendez*. (Case No. H-25-3726, Docket Entry No. 20).

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). But "[u]nder the law of the case doctrine, courts will show deference to decisions already made in [a] case they are presiding over." *Abecassis v. Wyatt*, 7 F. Supp. 3d 668, 671 (S.D. Tex. 2014). A class has been certified, Dionicio Arellano is part of that class, and the class-action court expressly "extend[ed]" its ruling on the named petitioner's "declaratory relief" to the class "as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9.

Even if this court agreed with the respondents' position on a de novo review of the merits, that is "[in]sufficient" to overcome the "deference" that this court owes the class-action ruling in this procedural posture. *Abecassis*, 7 F. Supp. 3d at 671 (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010)). Even if issue preclusion does not formally apply, "federal courts" are still "expect[ed] . . . to apply principles of comity to each other's . . . decisions when addressing a common dispute." *Bayer*, 564 U.S. at 317. This court owes comity to the class-actions court's rulings on the common issues. Ruling in the respondents' favor in this case will likely result in a motion for reconsideration on Dionicio Arellano's part as soon as a final judgment is entered the Central District of California's docket. And in the meantime, Dionicio Arellano will remain in detention, without a bond hearing, despite the ruling in her case that she is entitled to such a hearing.

The respondents are ordered to provide Dionicio Arellano with a bond hearing within fourteen days of this order or release her.[3]

### III.     Conclusion

For the reasons stated above, the court grants Dionicio Arellano's petition for a writ of

---

[3] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.

habeas corpus in part. (Docket Entry No. 1). The respondents' motion for summary judgment, (Docket Entry No. 12), is denied. The respondents must provide Dionicio Arellano with a bond hearing under § 1226(a) by December 23, 2025, or release her. The parties are to update the court on the status of her bond hearing no later than December 29, 2025.

SIGNED on December 9, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge